UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMZA ELKHODARI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNICYCIVE THERAPEUTICS, INC., et al.,<br><br>Defendants. | Case No. 25-cv-06923-JD<br><br>**ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL** |

This putative shareholder class action alleges securities fraud claims against defendant Unicycive Therapeutics, Inc. and its officers. Dkt. No. 1. Two shareholders initially asked to be appointed lead plaintiff, Dkt. Nos. 11, 14, but one withdrew, Dkt. No. 22. Andrew Coleman is the only applicant to be lead plaintiff, without opposition by any party. Coleman's motion is suitable for decision without oral argument, and the hearing set for November 20, 2025, is vacated. Coleman is appointed lead plaintiff. The proposed appointment of Pomerantz LLP as lead counsel is deferred pending further order.

**I.    APPOINTMENT OF LEAD PLAINTIFF**

The Court has discussed in other orders the three-step process for appointing a lead plaintiff under the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4(a)(3)(B). *See Hayes v. Enphase Energy, Inc.*, No. 24-cv-04249-JD, 2025 WL 986469 (N.D. Cal. Mar. 31, 2025); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d. 833 (N.D. Cal. 2019). The first step is for the plaintiff in the first-filed action to "municiz[e] the pendency of the action, the claims made and the purported class period" in "a widely circulated national business-oriented publication or wire service." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C.

§ 78u-4(a)(3)(A)(i)). "The notice must also state that 'any member of the purported class may move the court to serve as lead plaintiff.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)). This step was properly completed. *See* Dkt. No. 6 (notice of publication).

In the next two steps, the Court considers "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732. In step two, the Court determines presumptive lead plaintiff status relying on the "presumptive lead plaintiff's complaint and sworn certification." *Id.* at 730. In step three, the other plaintiffs have "an opportunity to rebut the presumptive lead plaintiff's showing" by "present[ing] evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Id.*

The record indicates, without dispute by other parties, that Coleman has the largest financial interest. *See* Dkt. No. 14-3. Coleman has made a prima facie showing of typicality and adequacy. *See* Dkt. No. 14 at 7-9; Fed. R. Civ. P. 23(a). Consequently, Coleman is appointed lead plaintiff.

## II.    APPOINTMENT OF LEAD COUNSEL

Under the PSLRA, the Court will also appoint lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). The "selection of counsel is an 'important client prerogative'" entrusted in the first instance to the lead plaintiff. *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711-12 (9th Cir. 2009) (quoting *Cavanaugh,* 306 F.3d at 734). The Court will "generally defer" to the lead plaintiff's choice of attorneys when it is reasonable. *Id*. (internal citation omitted). Coleman has selected Pomerantz LLP as lead counsel. Dkt. No. 14 at 11. Coleman says he "is also represented by The Schall Law Firm in this Action," but does not ask to have Schall appointed as lead counsel. *Id.* at 9.

The selection of Pomerantz LLP causes concern. In another securities class action before the Court, Pomerantz LLP turned in a subpar performance that raised serious doubts about the adequacy of its legal work and its ability to protect the interests of the class it represented. *See In re TerraVia Holdings, Inc. Sec. Litig.*, No. 16-cv-06633-JD, 2022 WL 3031007 (N.D. Cal.

July 21, 2022). The work was so poor that the Court issued an order to show cause (OSC) why Pomerantz LLP should not face professional misconduct sanctions, up to and including suspension from practice within this District. *Id.* at *1-2. Pomerantz LLP's response did not assuage the Court's concerns. *See* Case No. 3:16-cv-06633-JD, Dkt. No. 138. Even so, the Court dropped the OSC mainly because Pomerantz LLP volunteered to forego any award of attorney's fees in the case. *Id*.

This is not a record that provides assurances that Pomerantz LLP will adequately protect and represent the shareholder class here. Pomerantz LLP exacerbated the problem by offering bromides to the effect that it is a "premier firm" which provides "the best legal representation available," Dkt. No. 14 at 11, without acknowledging its dereliction of duties in *In re TerraVia Holdings*.

In these circumstances, the Court declines to appoint Pomerantz LLP as lead counsel at this time. If lead plaintiff Coleman elects, Pomerantz LLP may file by December 15, 2025, a statement explaining how it will avoid repeating the deficiencies detailed in the OSC, which the Court will consider in determining whether to appoint it as counsel. In the alternative, Coleman may select a different law firm.

**IT IS SO ORDERED.**

Dated: November 17, 2025

JAMES DONATO
United States District Judge