POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Andrew Coleman and Proposed*
*Lead Counsel for the Class*

*- additional counsel on signature page -*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| HAMZA ELKHODARI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNICYCIVE THERAPEUTICS, INC., SHALABH GUPTA, and JOHN TOWNSEND,<br><br>Defendants. | Case No.: 3:25-cv-06923-JD<br><br>RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL (Dkt. No. 29)<br><br><u>CLASS ACTION</u><br><br>Judge:  Hon. James Donato<br>Courtroom:  11, 19th Floor |

On November 17, 2025, the Court entered an Order granting the motion of Andrew Coleman, pursuant to the Private Securities Litigation Reform Act of 1995, for appointment as Lead Plaintiff in the above-captioned action (the "Action"). but stating that "[t]he proposed appointment of Pomerantz LLP ['Pomerantz' or the 'Firm'] as lead counsel is deferred pending further order." (the "Leadership Order") (Dkt. No. 29).  The Court cited Pomerantz's work "[i]n another securities class action before the Court,"—specifically, *In re TerraVia Holdings, Inc. Sec. Litig.*, 3:16-cv-06633-JD (N.D. Cal.) ("*TerraVia*")—which the Court described as a "subpar performance".  *Id.* at 2.  The Leadership Order provided that "Pomerantz LLP may file by December 15, 2025, a statement explaining how it will avoid repeating the deficiencies" that occurred in *TerraVia*.  *Id.* at 3.

Pomerantz most respectfully submits the following statement in response to the Court's Leadership Order, supported by the accompanying Declaration of Jeremy A. Lieberman, Esq. ("Lieberman Decl.") and Declaration of Tamar A. Weinrib, Esq. ("Weinrib Decl."):

Pomerantz does not dispute that its performance with respect to consummating the settlement in the *TerraVia* action was indeed "subpar" and well below the professional standards to which Pomerantz holds itself.  The Firm has consistently taken full responsibility for the failures that occurred in *TerraVia*.  Lieberman Decl. ¶ 5.  Causally, those failures occurred because the primary Pomerantz attorney litigating the matter was not forthright with the Firm's leadership regarding (1) the degree of personal difficulties that he was experiencing, (2) the extent to which those difficulties were impacting his ability to meet his professional duties, (3) his compliance with the Firm's standing instruction, emphasized at several firmwide meetings, to make a motion for preliminary approval of a settlement to the Court promptly after agreeing upon settlement terms with defendants, and (4) the true reasons for the significant delay that occurred in doing so,

namely that the delay was attributable to this attorney and not to defense counsel. *Id.* Following *TerraVia*, the Firm's leadership unequivocally communicated to its partners and other senior attorneys that the failures at issue in that case were unacceptable, while also communicating that any attorney experiencing personal difficulties that could negatively impact his or her ability to fulfill professional obligations should promptly raise those issues to the Firm's leadership in order to receive additional support as needed. *Id.*; Weinrib Decl. ¶ 6. The attorney who had primary responsibility for the *TerraVia* case is no longer employed by Pomerantz. Lieberman Decl. ¶ 5.

The failures that occurred in *TerraVia* were a unique occurrence in the Firm's 89-year history. *Id.* ¶ 6. Prior to *TerraVia*, no comparable failures of that nature had occurred. Nor has any comparable failure occurred since. *Id.* As Pomerantz's record reflects, the Firm routinely moves expeditiously to file settlement papers in all of its cases—regardless of the size of the settlement at issue—after agreeing upon settlement terms with Defendants. *See id.* (setting forth settlements secured by Pomerantz since August 2022, noting amount of each settlement as well as time elapsed between agreement and filing of settlement stipulation with court).

If the Court appoints Pomerantz as Lead Counsel in this Action, Pomerantz partner Tamar A. Weinrib, Esq. will have primary responsibility for overseeing the Firm's work. Lieberman Decl. ¶ 2; Weinrib Decl. ¶ 2. Ms. Weinrib is an experienced litigator who has worked at Pomerantz for 17 years and was elevated to partner in 2019. *Id.* During her tenure at Pomerantz, Ms. Weinrib has overseen numerous securities class actions. Lieberman Decl. ¶ 2; Weinrib Decl. ¶ 3. Ms. Weinrib has never faced judicial reprimand or criticism for any dilatory conduct in connection with the submission of settlement papers in any litigation under her supervision. *Id.*

The Firm is aware of no reason to question Ms. Weinrib's ability to meet her professional obligations in connection with this litigation. Lieberman Decl. ¶ 3; Weinrib Decl. ¶ 4. If any

such reason arises, the Firm will ensure that additional resources are made available to Ms. Weinrib, and/or that primary responsibility for this Action is reassigned to another attorney, as the situation may call for. *Id.* A Pomerantz associate will be staffed to assist Ms. Weinrib with her work on this litigation, and more associates and/or staff attorneys will be added to the litigation team as necessary to ensure that the matter is appropriately staffed relative to its procedural posture. *Id.* Ms. Weinrib has committed to familiarizing herself with both this Court's Standing Order for Civil Cases and the Northern District of California Civil Local Rules. Weinrib Decl. ¶ 4. To the extent that a settlement is reached in this Action, Ms. Weinrib has likewise committed to promptly and efficiently consummating that settlement and distributing the settlement proceeds. *Id.* ¶¶ 4, 6.

Pomerantz's leadership is highly attentive to the status of all cases in which Pomerantz serves as Lead Counsel. Lieberman Decl. ¶ 4; Weinrib Decl. ¶ 5. The Firm's partners meet on a quarterly basis to review and discuss the status of all ongoing litigations in which Pomerantz has a leadership role. *Id.* This includes, *inter alia*, a review of the procedural posture of all such cases to ensure that each is being prosecuted as efficiently and expeditiously as practicable. *Id.* There is a standing instruction to the effect that all Pomerantz attorneys must file motions for preliminary approval of a settlement promptly after agreeing upon settlement terms with defendants. *Id.* This instruction is emphasized at each quarterly meeting of the Firm's partners. Lieberman Decl. ¶ 4. Pomerantz's compensation structure for senior attorneys includes financial incentives to encourage prompt finalization of settlements and distribution of settlement proceeds to class members in all cases. Lieberman Decl. ¶ 4; Weinrib Decl. ¶ 5. The Firm's Managing Partner, Jeremy A. Lieberman, Esq., has committed to overseeing Ms. Weinrib's work in this matter and ensuring that she: (1) is familiar with both this Court's Standing Order for Civil Cases

and the Northern District of California Civil Local Rules; (2) will meet all deadlines set by this Court; and (3) in the event of any settlement in this litigation, will consummate that settlement expeditiously. Lieberman Decl. ¶ 8.

In sum, Pomerantz deeply regrets the failures that occurred in *TerraVia* but emphasizes that such failures were due to a unique set of circumstances, none of which is present in this litigation. Pomerantz most respectfully requests the opportunity to redeem its standing in the eyes of this Court by serving as Lead Counsel in this litigation.

Dated: December 11, 2025                              Respectfully submitted,

                                                      POMERANTZ LLP

                                                      */s/ Jennifer Pafiti*
                                                      Jennifer Pafiti (SBN 282790)
                                                      1100 Glendon Avenue, 15th Floor
                                                      Los Angeles, California 90024
                                                      Telephone: (310) 405-7190
                                                      jpafiti@pomlaw.com

                                                      POMERANTZ LLP
                                                      Jeremy A. Lieberman
                                                      (*pro hac vice* application pending)
                                                      Tamar A. Weinrib
                                                      (admitted *pro hac vice*)
                                                      J. Alexander Hood II
                                                      (admitted *pro hac vice*)
                                                      600 Third Avenue, 20th Floor
                                                      New York, New York 10016
                                                      Telephone: (212) 661-1100
                                                      Facsimile: (917) 463-1044
                                                      jalieberman@pomlaw.com
                                                      taweinrib@pomlaw.com
                                                      ahood@pomlaw.com

                                                      *Counsel for Lead Plaintiff Movant Andrew Coleman and Proposed Lead Counsel for the Class*

                                                      THE SCHALL LAW FIRM
                                                      Brian Schall (SBN 290685)

4

RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Movant Andrew Coleman*

RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

**PROOF OF SERVICE**

I hereby certify that on December 11, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti