POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Andrew Coleman and Proposed*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| HAMZA ELKHODARI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNICYCIVE THERAPEUTICS, INC., SHALABH GUPTA, and JOHN TOWNSEND,<br><br>Defendants. | Case No.: 3:25-cv-06923-JD<br><br>DECLARATION OF JEREMY A. LIEBERMAN, ESQ. IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL (Dkt. No. 29)<br><br>CLASS ACTION<br><br>Judge:  Hon. James Donato<br>Courtroom:  11, 19th Floor |

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

I, Jeremy A. Lieberman, Esq., hereby declare as follows:

1. I am the Managing Partner of Pomerantz LLP ("Pomerantz" or the "Firm"), counsel on behalf of Andrew Coleman in the above-captioned action (the "Action"), and have personal knowledge of the facts set forth herein. I make this Declaration in response to this Court's Order Re Lead Plaintiff and Lead Counsel (the "Leadership Order") (Dkt. No. 29).

2. In the event that the Court appoints Pomerantz as Lead Counsel in this Action, I have assigned principal responsibility for managing this litigation to my partner Tamar A. Weinrib, Esq. I have worked with Ms. Weinrib for approximately 17 years, during which time she has successfully prosecuted numerous securities class actions. I have never had cause to question Ms. Weinrib's ability to fulfill her professional obligations, nor am I aware of her ever missing a deadline in a matter or taking an inordinate amount of time to complete the settlement documentation in any case for which she had primary responsibility. In my view, Ms. Weinrib is a competent, diligent and able attorney.

3. If the Court appoints Pomerantz as Lead Counsel in this Action, I am aware that responsibility for the prosecution of the Class's claims in this Action will ultimately rest with the Firm, not solely with Ms. Weinrib. A Pomerantz associate will be staffed to assist Ms. Weinrib with her work on this litigation, and more associates and/or staff attorneys will be added to the litigation team as necessary to ensure that the matter is appropriately staffed relative to its procedural posture. I am presently aware of no reason to question Ms. Weinrib's ability to meet her professional obligations. If I subsequently learn of any such reason, I will ensure that additional Firm resources are made available to Ms. Weinrib, and/or that primary responsibility for this Action is reassigned to another attorney, as the situation may require.

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

4.      As Managing Partner, I am highly attentive to the status of all cases in which Pomerantz serves as Lead Counsel.  At my direction, the Firm's partners meet on a quarterly basis to review and discuss the status of all ongoing litigations in which Pomerantz has a leadership role.  This includes, *inter alia*, my personally reviewing the procedural posture of all such cases to ensure that each is being prosecuted as efficiently and expeditiously as practicable.  There is a standing instruction to the effect that all Pomerantz attorneys must submit motions for preliminary approval promptly after agreeing upon settlement terms with defendants.  I reiterate this instruction at each quarterly meeting of the Firm's partners.  Pomerantz's compensation structure for senior attorneys and partners includes financial incentives to encourage prompt finalization of settlements and distribution of settlement proceeds to class members in all cases.

5.      As Managing Partner, I have firsthand knowledge of the failures that occurred in *In re TerraVia Holdings, Inc. Sec. Litig.*, 3:16-cv-06633 (N.D. Cal.) ("*TerraVia*").  Pomerantz has consistently taken full responsibility for those failures.  Causally, those failures occurred because a single Pomerantz attorney was not forthright with the Firm's leadership regarding (1) the degree of personal difficulties that he was experiencing, (2) the extent to which those difficulties were impacting his ability to meet his professional obligations, (3) his compliance with the Firm's standing instruction to submit a motion for preliminary approval promptly after agreeing upon settlement terms with defendants, and (4) the true reasons for the significant delay that occurred in doing so, namely that the fault lay with the attorney overseeing the case, and not with defendants.  Following *TerraVia*, the Firm's leadership unequivocally communicated to the Firm's partners and other senior attorneys that the failures at issue in that case were unacceptable, while also communicating that any attorney experiencing personal issues that could negatively impact his or her ability to fulfill professional obligations should promptly raise those issues to the Firm's

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

leadership in order to receive additional support as needed. The attorney who had primary responsibility for the *TerraVia* case is no longer employed by Pomerantz.

6. I most respectfully submit that the failures that occurred in *TerraVia* were a unique occurrence in the Firm's 89-year history. Prior to *TerraVia*, no comparable failures of that nature had occurred. Nor has any comparable failure occurred since. The table below lists a number of securities class actions under Pomerantz's leadership that have settled since March 2022, including the amount for which each case settled and the time that elapsed between reaching an agreement with defendant(s) regarding settlement terms and the filing of a motion for preliminary approval of such settlements with the Court.[1]  As the table reflects, Pomerantz moves expeditiously to finalize settlements in its cases regardless of the size of the settlement at issue, consistent with the Firm's standing instruction to this effect.

| Case | Settlement Amount | Time Between Agreement and Filing of Motion for Preliminary Approval |
|---|---|---|
| *Roofer's Pension Fund v. Papa*, 1:16-cv-02805-RMB-LDW (D.N.J.) | $97 million | 11 days |
| *Klein v. Altria Group*, 3:20-cv-00075-DJN (E.D. Va.) | $90 million | 42 days |
| *In re Grab Holdings Limited Securities Litigation*, 1:22-cv-02189-JLR (S.D.N.Y.) | $80 million | 41 days |
| *Howard v. Arconic Inc.*, 2:17-cv-01057-MRH (W.D. Pa.) | $74 million | 21 days |
| *Ferris v. Wynn Resorts Ltd.*, 2:18-cv-00479-CDS-BNW (D. Nev.) | $70 million | 25 days |
| *Sayce v. Forescout Technologies, Inc.*, 3:20-cv-00076-SI (N.D. Cal.) | $45 million | 30 days |
| *In re Emergent BioSolutions Inc. Securities Litigation*, 8:21-cv-00955-DLB (D. Md.) | $40 million | 17 days |

[1] This highlights Pomerantz's largest settlements since March 2022, as well a number of smaller settlements to demonstrate that the Firm promptly consummates all settlements, whether large or small. An exhaustive list of the Firm's settlements since March 2022 can be provided upon the Court's request.

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

| *In re 2U, Inc. Securities Class Action*, 8:19-cv-03455-TDC (D. Md.) | $37 million | 35 days |
|---|---|---|
| *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd.*, 1:19-cv-10067-PAE (S.D.N.Y.) | $29.75 million | 53 days |
| *Karimi v. Deutsche Bank AG*, 1:22-cv-02854-JSR (S.D.N.Y.) | $26.25 million | 16 days |
| *Bernstein v. Ginkgo Bioworks Holdings, Inc.*, 4:21-cv-08943-KAW (N.D. Cal.) | $17.75 million | 37 days |
| *In re Y-mAbs Therapeutics, Inc. Securities Litigation*, 1:23-cv-00431-AS (S.D.N.Y.) | $19.65 million | 22 days |
| *Shafer v. Global Payments, Inc.*, 1:23-cv-00577-LMM (N.D. Ga.) | $3.6 million | 22 days |
| *Poirier v. Bakkt Holdings, Inc.*, 1:22-cv-02283-EK-PK (E.D.N.Y.) | $3 million | 35 days |
| *In re GigaCloud Technology Inc. Sec. Litig.*, 1:23-cv-10645-JMF (S.D.N.Y.) | $2.75 million | 45 days |
| *Hardy v. Embark Technology, Inc.*, 3:22-cv-02090-JSC (N.D. Cal.) | $2.5 million | 41 days |
| *Arrow Financial Corporation*, 1:23-cv-00764-AMN-DJS (N.D.N.Y.) | $850,000 | 46 days |
| *Trostorff v. Mynaric AG*, 1:24-cv-07602-KAM-CLP (E.D.N.Y.) | $300,000 | 45 days |

7.    Apart from *TerraVia*, Pomerantz has never been criticized or reprimanded for failing to promptly submit settlement papers after agreeing on settlement terms with defendants, for missing a deadline, or for otherwise failing to prosecute any litigation competently and expeditiously.

8.    I personally take responsibility for supervising the work performed by Ms. Weinrib and any other Pomerantz attorney assigned to this litigation, as well as for ensuring their familiarity with this Court's Standing Order for Civil Cases and the Northern District of California Civil Local Rules.  I further personally take responsibility for ensuring the Firm's compliance with all Court-imposed deadlines.  If there is a settlement in this litigation, I personally take responsibility for ensuring that it is expeditiously submitted to the Court and consummated.   I take very seriously the failures which occurred in the *TerraVia* litigation and will take every step

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

necessary to ensure that the proper resources and oversight are provided to prevent such issues from recurring in this matter or any future matter in which Pomerantz serves as Lead Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed on December 11, 2025.

/s/ Jeremy A. Lieberman
Jeremy A. Lieberman

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

**<u>PROOF OF SERVICE</u>**

I hereby certify that on December 11, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD