POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Andrew Coleman and Proposed*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| HAMZA ELKHODARI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNICYCIVE THERAPEUTICS, INC., SHALABH GUPTA, and JOHN TOWNSEND,<br><br>Defendants. | Case No.: 3:25-cv-06923-JD<br><br>DECLARATION OF TAMAR A. WEINRIB, ESQ. IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL (Dkt. No. 29)<br><br><u>CLASS ACTION</u><br><br>Judge:  Hon. James Donato<br>Courtroom:  11, 19th Floor |

I, Tamar A. Weinrib, Esq., hereby declare as follows:

1. I am a partner of Pomerantz LLP ("Pomerantz" or the "Firm"), counsel on behalf of Andrew Coleman in the above-captioned action (the "Action"), and have personal knowledge of the facts set forth herein. I make this Declaration in response to this Court's Order Re Lead Plaintiff and Lead Counsel (the "Leadership Order") (Dkt. No. 29).

2. I joined Pomerantz in 2008 and was elevated to partner in 2019. If the Court appoints Pomerantz to serve as Lead Counsel in this Action, I will be the Pomerantz attorney with primary responsibility for managing this litigation.

3. I have supervised the prosecution of numerous federal securities class actions during my tenure at Pomerantz. To the extent that any class action under my supervision has achieved a settlement, I have consistently worked to consummate such settlement promptly and efficiently. I have never faced judicial reprimand or criticism for any dilatory conduct in connection with the prosecution or settlement of any litigation under my supervision. The table below sets forth securities class actions under my direction that have settled since March 2022, including the amount for which each case settled and the time that elapsed between reaching an agreement with defendants regarding settlement terms and the filing of a motion for preliminary approval:

| Case | Settlement Amount | Time Between Settlement Agreement and Filing of Motion for Preliminary Approval |
| --- | --- | --- |
| *Theodore v. Purecycle Technologies, Inc.*, 6:21-cv-00809-PGM-RGN (M.D. Fla.) | $12 million | 35 days |
| *France v. Jiayin Group Inc.*, 6543989/2020 (N.Y. Sup. Ct.) | $2 million | 32 days |

1

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

| *Butala v. Owlet, Inc.*, 2:21-cv-09016-FLA-SSC (C.D. Cal.) | $1.75 million | 36 days |
|---|---|---|

4.     If the Court appoints Pomerantz as Lead Counsel in this Action, I am aware that responsibility for the prosecution of the Class's claims in this Action will ultimately rest with the Firm, not solely with me.  In addition to myself, a Pomerantz associate will be assigned to work on this litigation.  As the case progresses, more Pomerantz associates and/or staff attorneys will be added to the litigation team as the procedural posture warrants.  In the unlikely event that I find myself unable to fulfill my professional responsibilities for any reason, I will promptly communicate that to the Firm's leadership so that the Firm can take whatever actions are necessary to fulfill its obligations as Lead Counsel and ensure that prosecution of the Class's claims continues without delay or disruption.  In my years at Pomerantz, I have never found the Firm's resources to be inadequate to the prosecution of a given litigation.  I have familiarized myself with both this Court's Standing Order for Civil Cases and the Northern District of California Civil Local Rules.  I personally commit to adhering to all such rules of practice and to ensuring that any other Pomerantz attorney who performs work on this case is likewise familiar and compliant with all such rules.  I further personally commit to promptly and efficiently consummating any settlement reached in this Action and distributing the settlement proceeds.

5.     In my experience at Pomerantz, I have only ever found the Firm's leadership to be highly attentive to the status of all cases in which it serves as Lead Counsel.  The Firm's partners meet on a quarterly basis to review and discuss the status of all ongoing litigations in which Pomerantz has a leadership role.  This includes, *inter alia*, Pomerantz's leadership reviewing the procedural posture of all such cases to ensure that each is being prosecuted as efficiently and expeditiously as practicable.  In my experience, the Firm's leadership is likewise highly attentive

to the status of all ongoing litigations even between these quarterly partnership meetings.  I am aware that all senior Pomerantz attorneys are consistently instructed to consummate settlements promptly upon agreeing to a settlement in principle with Defendants.  Pomerantz's compensation structure for senior attorneys includes financial incentives to encourage prompt finalization of settlements and distribution of settlement proceeds to class members in all cases.

6.      I understand that the Court's Leadership Order was informed by the Court's prior experience with Pomerantz in the action *In re TerraVia Holdings, Inc. Sec. Litig.*, 3:16-cv-06633 (N.D. Cal.) ("*TerraVia*"), in which Pomerantz served as Lead Counsel.  Following *TerraVia*, the Firm's leadership unequivocally communicated to the Firm's partners and other senior attorneys that the failures at issue in that case were unacceptable, while also communicating that any attorney experiencing personal issues that could negatively impact his or her ability to fulfill professional obligations should promptly raise those issues to Firm's leadership in order to receive additional support as needed.  I am cognizant of the failures that occurred in *TerraVia* and personally commit to avoiding any similar failures in connection with this Action—including, as stated above, promptly and clearly communicating to the Firm's leadership any issues, personal or otherwise, that might impact my ability to fulfill my professional obligations.  As of the time of this submission, I am aware of no such issues.

7.      I reiterate my personal commitment to adhering in all respects to this Court's Standing Order for Civil Cases, the Northern District of California Civil Local Rules, and all deadlines set by the Court in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Executed on December 11, 2025.

/s/ Tamar A. Weinrib
Tamar A. Weinrib

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD

## **PROOF OF SERVICE**

I hereby certify that on December 11, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

DECLARATION IN RESPONSE TO ORDER RE LEAD PLAINTIFF AND LEAD COUNSEL - 3:25-cv-06923-JD