COOLEY LLP
PATRICK GIBBS (183174) (pgibbs@cooley.com)
TIJANA BRIEN (286590) (tbrien@cooley.com)
BRETT DE JARNETTE (292919) (bdejarnette@cooley.com)
PRIYA GAMBHIR (353954) (pgambhir@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

RYAN E. BLAIR (246724) (rblair@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

*Attorneys for Defendants Unicycive Therapeutics,*
*Shalabh Gupta, and John Townsend*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMZA ELKHODARI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNICYCIVE THERAPEUTICS, INC., SHALABH GUPTA, and JOHN TOWNSEND,<br><br>Defendants. | Case No.: 25-cv-06923-JD<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Hearing Date:   June 18, 2026<br>Hearing Time:   11:00 a.m.<br>Judge:   Hon. James Donato<br>Courtroom:   11, 19th Floor |

COOLEY LLP
ATTORNEYS AT LAW

REQ. FOR JUDICIAL NT
ISO MOTION TO DISMISS
CASE NO. 25-CV-06923-JD

**PLEASE TAKE NOTICE** that Defendants Unicycive Therapeutics, Inc., Dr. Shalabh Gupta, and John Townsend (collectively, "Defendants") hereby request that the Court consider under the incorporation by reference doctrine and/or take judicial notice of the exhibits identified below. These exhibits are attached to the Declaration of Priya Gambhir ("Gambhir Declaration") in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss"), filed concurrently herewith.[1]

## I.    INTRODUCTION

Defendants respectfully request that this Court incorporate by reference and/or take judicial notice of Exhibits 1–24 identified below, which are attached to the concurrently filed Gambhir Declaration. As the Supreme Court has mandated, in deciding motions to dismiss securities fraud claims under the PSLRA, "courts ***must*** consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007); *see also Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998, 1002 (9th Cir. 2018) (same). It is therefore required for the Court to consider Exhibits 1–11, 13, 16, and 22–24, all of which have been incorporated by reference in the Complaint, as these documents are either extensively referenced in the Complaint or otherwise form the basis of Plaintiff's claims. The Court should also take judicial notice of Exhibits 1–24 which include Unicycive's filings with the Securities and Exchanges Commission ("SEC"), press releases, conference transcripts, analyst reports, and pages from the Food and Drug Administration's ("FDA") and Shilpa Medicare Limited's ("Shilpa") websites, as they are all publicly available documents whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Consideration of all 24 exhibits provides the Court with important context about the challenged statements, alleged corrective disclosures, and information that was disseminated to the market during relevant times. Moreover, the Court is required under *Tellabs* to consider these

---

[1] Unless otherwise noted, all "¶" references are to the Amended Complaint (ECF No. 39, the "Complaint"), all "Ex." references are to exhibits attached to the Gambhir Declaration filed herewith. All emphasis is added, and all internal quotation marks and citations are omitted unless otherwise noted. Certain exhibits have been excerpted and highlighted for the Court's convenience.

documents in evaluating the adequacy of the Complaint. 551 U.S. 308, 322 (2007). A chart tracking the documents subject to this request and the bases for considering them is included below.

## II.    DOCUMENTS SUBJECT TO THIS REQUEST[2]

| Exhibit | Description | Basis | Cites in Complaint |
|---|---|---|---|
| 1 | Excerpts of Unicycive's Form 10-K for the 2023 fiscal year, filed with the SEC on March 28, 2024 | IBR; JN | ¶¶ 106, 108, 110, 112, 113–18, 120, 122–25, 129, 131-33, 140–41, 152-54, 158, 167, 170, 172, 178, 180, 192, 194, 195–97 |
| 2 | Unicycive's Form 8-K and Press Release attached as Exhibit 99.1, filed with the SEC on March 28, 2024 | IBR; JN | ¶ 124 |
| 3 | Transcript of Dr. Gupta's presentation at the Noble Capital Markets Emerging Growth Virtual Healthcare Equity Conference, held on April 18, 2024 | IBR; JN | ¶ 134, 136 |
| 4 | Unicycive's Form 8-K and Press Release attached as Exhibit 99.1, filed with the SEC on June 25, 2024 | IBR; JN | ¶¶ 140, 142 |
| 5 | Transcript of Unicycive's UNI-OLC-201 Pivotal Clinical Trial Results Call, dated June 25, 2024 | IBR; JN | ¶¶ 142, 144, 146, 148 |
| 6 | Excerpts of Unicycive's Q2 2024 Form 10-Q, including Unicycive's agreements with Shilpa attached as Exhibits 10.1 and 10.2, filed with the SEC on August 14, 2024 | IBR; JN | ¶¶ 52-58, n.5–11, 84, 95, 99, 158, 160, 162, 164, 166, 263–65 |
| 7 | Press Release titled *Unicycive Therapeutics Announces Submission of the New Drug Application (NDA) to the U.S. FDA for Oxylanthanum Carbonate (OLC) for the Treatment of Hyperphosphatemia in Patients with Chronic Kidney Disease on Dialysis*, published on Unicycive's website, dated September 3, 2024 | IBR; JN | ¶¶ 33, 172 |
| 8 | Unicycive's Form 8-K and Press Release attached as Exhibit 99.1, filed with the SEC on November 12, 2024 | IBR; JN | ¶¶ 176, 178 |
| 9 | Excerpts of Unicycive's Form S-3, filed with the SEC on November 13, 2024 | IBR; JN | ¶¶ 194–97, 199, 201, 203 |
| 10 | Excerpts of Unicycive's Form 10-K for the 2024 fiscal year, filed with the SEC on March 31, 2025 | IBR; JN | ¶¶ 28-29, 45, 51, 96, 99, 207, 209, 211, 213, 215, 217, 219, |

---

[2] "IBR" refers to documents that are incorporated by reference in the Complaint; "JN" refers to documents that are judicially noticeable.

| | | | 221, 223, 225, 227, 229 |
|---|---|---|---|
| 11 | Transcript of Dr. Gupta's presentation at the 24th Annual Needham Virtual Healthcare Conference, held on April 7, 2025 | IBR; JN | ¶ 242 |
| 12 | Transcript of Shilpa's Earnings Call for the fourth quarter of 2025, held on May 26, 2025 | JN | -- |
| 13 | Unicycive's Form 8-K and Press Release attached as Exhibit 99.1, filed with the SEC on June 10, 2025 | IBR, JN | ¶¶ 11–12, 99, 246-47 |
| 14 | Analyst report published by H.C. Wainwright titled *Possibility of Regulatory Hiccup Does Not Change Overall Thesis; Reiterate Buy*, dated June 10, 2025 | JN | -- |
| 15 | Analyst report published by Guggenheim titled *Regulatory Update Disappointing, But OLC's Path to Market Still Appears Manageable*, dated June 10, 2025 | JN | -- |
| 16 | Unicycive's Form 8-K and Press Release attached as Exhibit 99.1, filed with the SEC on June 30, 2025 | IBR; JN | ¶¶ 13, 99, 248–49, 268 |
| 17 | Transcript of Dr. Gupta's presentation at the H.C. Wainwright 4th Annual Kidney Virtual Conference, held on July 14, 2025 | JN | -- |
| 18 | Transcript of Dr. Gupta's presentation at the H.C. Wainwright 27th Annual Global Investment Conference, held on September 10, 2025 | JN | -- |
| 19 | Press Release titled *Unicycive Therapeutics Announces FDA Acceptance of Oxylanthanum Carbonate (OLC) New Drug Application (NDA) Resubmission*, published to Unicycive's website on January 29, 2026 | JN | -- |
| 20 | Webpage titled *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations*, published on the Food and Drug Administration's ("FDA") website | JN | -- |
| 21 | Compilation of webpages published on Shilpa's website | JN | -- |
| 22 | FDA Form 483 issued to Shilpa's Unit IV facility in November 2017 | IBR; JN | ¶¶ 7, 83–85, 95–97, 107, 109, 111, 119, 135, 137, 139, 143, 149, 200, 204, 212, 245, 260–61 |
| 23 | FDA Warning Letter issued to Shilpa's Unit IV facility in October 2020 | IBR; JN | ¶¶ 7, 84–87, 95, 99, 107, 109, 111, 119, 135, 137, 139, 143, 149, 200, 204, 212, 245, 260–61 |

COOLEY LLP
ATTORNEYS AT LAW

REQ. FOR JUDICIAL NT
ISO MOTION TO DISMISS
CASE NO. 25-CV-06923-JD

| 24 | FDA Import Alert issued to Shilpa's Unit IV facility in February 2021 | IBR; JN | ¶¶ 7, 87–89, 91-97, 109, 111, 119, 121, 135, 137, 139, 143, 149, 200, 202, 204 |
|----|----|----|----|

## III.    ARGUMENT

For the reasons described below, the Court may consider Exhibits 1–11, 13, 16, and 22–24 under the incorporation by reference doctrine,[3] and may take judicial notice of Exhibits 1–24.

### A.    Exhibits 1–11, 13, 16, and 22-24 Are Incorporated by Reference into the Complaint.

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)). The reason for this rule is well settled: "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones v. Micron Tech.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019); *see also Khoja*, 899 F.3d at 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs[.]"); *In re Fastly, Inc. Sec. Litig.*, 2021 WL 5494249, at *5 (N.D. Cal. Nov. 23, 2021) (similar). A document is deemed incorporated by reference into a complaint "if the plaintiff refers extensively to the document **or** the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Further, while an incorporated document may not be used "to dispute or create a defense to a *well-pled* fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Eventbrite Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original). Here, Exhibits 1–11,

---

[3] In addition to being incorporated by reference, Exhibits 1–11, 13, 16, and 22–24 are also the proper subjects of judicial notice. *See infra*, Section B.

13, 16, and 22–24 are incorporated into the Complaint as Plaintiff selectively quotes and repeatedly relies on these documents to support his claims.

***Exhibits Containing Challenged Statements and Alleged Corrective Disclosures.*** Plaintiff alleges Defendants misled investors in 72 purported challenged statements across various SEC filings, press releases, and investor conferences about the FDA approval process and the Company's reliance on third party manufacturers. ¶¶ 106-242; *see* Exs. 1–11; Appendix A. According to Plaintiff, the "truth emerged" when Unicycive disclosed its receipt of a deficiency letter from the FDA, Ex. 13, and when Unicycive disclosed its receipt of a Complete Response Letter ("CRL") from the FDA. Ex. 16; ¶¶ *see* ¶¶ 246-252. Because Exhibits 1–11 are sources of these alleged false or misleading statements and Exhibits 13 and 16 contain the alleged corrective disclosures, these documents unequivocally "form the basis of [Plaintiffs'] claims." *See Khoja*, 899 F.3d at 1004-05 (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are incorporated by reference into the complaint); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (same); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (same). Therefore, Exhibits 1–11, 13, and 16 are incorporated by reference into the Complaint.

***Unicycive's Agreement With Shilpa.*** Exhibit 6 includes the Manufacturing and Supply Agreement between Unicycive and Shilpa and the First Amendment to that agreement, both filed as attachments to Unicycive's Form 10-Q filed with the SEC on August 14, 2024. These documents are referenced extensively in the Complaint and form the basis of Plaintiff's claim that Defendants knew or should have known about the issues at Shilpa's Unit IV facility given their alleged right to inspect Shilpa's facilities under the agreement (while ignoring that the agreement made clear Unicycive only had the right to inspect facilities that related to OLC manufacturing). *See Khoja*, 899 F.3d at 1002-03. Moreover, Plaintiff's purported expert allegedly reviewed this document in reaching his opinion. *See* ¶¶ 98–105. As a result, Exhibit 6 is incorporated by reference into the Complaint. *See Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020) ("Given Plaintiffs' extensive reliance on this document to detail the bases for the alleged falsity in Defendants' statements, the Court finds it incorporated by reference.").

***FDA Correspondence.*** Exhibits 22–24 are the FDA's publicly-issued 2017 Form 483 to Shilpa's Unit IV facility,[4] 2020 Warning Letter to Shilpa's Unit IV,[5] and 2021 Import Alert 66-40 addressing Shilpa's Unit IV.[6] These documents are incorporated by reference because they are extensively referenced in the Complaint and form the basis of Plaintiff's claims. *Khoja*, 899 F.3d at 1002-03. Indeed, Plaintiff provides links to the Warning Letter and Import Alert in the Complaint. *See* Compl. at n.33-39; *see In re Accuray, Inc. Sec. Litig.*, 757 F. Supp. 2d 936, 940 n.2 (N.D. Cal. 2010). ("when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of Rule 12(b)(6) motion*; In re Syntex Corp. Sec. Litig.*, 855 F. Supp. 1086 (N.D. Cal. 1994), *aff'd*, 95 F.3d 922 (9th Cir. 1996) (similar). Moreover, Plaintiff's core theory is that Defendants misled investors by failing to disclose information from these publicly available FDA documents. *See, e.g.*, ¶¶ 109, 111, 119, 135, 137, 139, 143, 149, 200, 202, 212 ("The foregoing statement misled investors because . . . [defendants did not disclose] Shilpa exhibited systemic and repeated failures to comply with FDA cGMP requirements resulting in the FDA's issuance of a Form 483 in 2017, a Warning Letter in 2020 noting a repeat violation, and an Import Alert in 2021 . . . ").) Accordingly, Exhibits 22–24 form the basis of Plaintiff's claims and should be incorporated by reference.

### B.    The Court May Take Judicial Notice of Exhibits 1–24 as Publicly Available Documents

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Unlike documents incorporated by reference, judicial notice extends to "matters of public record outside the pleadings." *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820 (C.D. Cal. 1998). Courts routinely take judicial notice of SEC filings, analyst reports, and other public information "where authenticity is not disputed because their accuracy cannot reasonably be questioned" or "for the

---

[4] *See* ¶¶ 7, 83–85, 95–97, 107, 109, 111, 119, 135, 137, 139, 143, 149, 200, 204, 212, 245, 260–261.
[5] *See* ¶¶ 7, 84–87, 95 99, 107, 109, 111, 119, 135, 137, 139, 143, 149, 200, 204, 212, 245, 260–261.
[6] *See* ¶¶ 7, 87–89, 91-97, 109, 111, 119, 121, 135, 137, 139, 143, 149, 200, 202, 204.

purpose of showing that particular information was available to the stock market." *See Apple*, 2020 WL 2857397, at *6.

**SEC Filings (Exhibits 1–2, 4, 6, 8–10, 13, and 16).** Exhibits 1–2, 4, 6, 8–10, 13, and 16 contain the alleged challenged statements and alleged corrective disclosures and therefore provide the Court with necessary context.[7] These exhibits also reflect what was disclosed to investors about the FDA approval process, OLC manufacturing process (including Shilpa), and the risks associated with Unicycive's business. Exhibits 1–2, 4, 6, 8–10, 13, and 16 are Unicycive's public filings with the SEC—current reports and corresponding exhibits on Forms 8-K, annual reports on Forms 10-K, registration statement on Form S-3, and quarterly report on Form 10-Q—and taking judicial notice of them is appropriate "for the purpose of determining what was disclosed to the market." *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings and press releases); *Maritime Asset Mgmt., LLC v. NeurogesX*, 2013 WL 5442394, at *3 (N.D. Cal. Sept. 30 2013) (taking judicial notice of Form 10-Q and defendants' risk factor identified therein); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss); *Welgus v. Trinet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017) (taking notice of SEC filings, including Form 10-K); *Metzler Inv. GMGH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (noting that judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed").

**Press Releases (Exhibits 2, 4, 7–8, 13, 16, and 19).** Like the SEC filings, Exhibits 2, 4, 7–8, 13, 16, and 19, provide context to the challenged statements and reflect what was disclosed to investors about the FDA approval process, OLC manufacturing process (including Shilpa), and the risks associated with Unicycive's business. These press releases, which were available on Unicycive's website (and in most instances, attached as exhibits to the Company's Form 8-K) are

---

[7] As discussed *supra*, Section III.A, Exhibits 1–2, 4, 6, 8–10, 13, and 16 may also be considered because they are incorporated by reference into the Complaint.

the proper subjects of judicial notice to show what was disclosed to investors.[8] *See, e.g., In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) (taking judicial notice of press releases); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of press releases "for the purposes of demonstrating what was disclosed to investors"); *In re Salesforce.com Sec. Litig.*, 2005 WL 6327481, at *3 (N.D. Cal. Dec. 22, 2005) (similar).

***Earnings Calls and Conference Transcripts (Exhibits 3, 5, 11–12, and 17–18).***[9] The Court may also take judicial notice of Exhibits 3, 5, 11–12, and 17–18, which are transcripts from publicly available earnings calls and investor conferences: the Noble Capital Markets Virtual Healthcare Conference; Unicycive's June 2024 Trial Results call; the Needham Virtual Healthcare Conference; Shilpa's May 26, 2025 Earnings Call; the H.C. Wainwright Kidney Virtual Conference; and the H.C. Wainwright Global Investment Conference. Along with providing important context to the challenged statements, certain of these exhibits also demonstrate that investors were informed that Unicycive's API vendor (Shilpa) was different from the pill packaging vendor (the subject of the FDA's Complete Response Letter). Judicial notice of these transcripts is proper to demonstrate information that was disclosed to the public during and after the class period. *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 830 (N.D. Cal. 2019); *see also In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (taking judicial notice of "transcripts of investor conference calls").

***Analyst Reports (Exhibits 14–15).*** Exhibits 14–15 are analyst reports, which reflect that the market understood the difference between Shilpa (Unicycive's API vendor) and the pill packaging vendor that was the subject of the FDA's Complete Response Letter. Analyst reports are judicially noticeable to demonstrate what information was available to investors and how analysts understood such information. *Adamo v. Nextdoor Holdings, Inc.*, 2025 WL 3238205, at *2 (N.D. Cal. Nov. 20, 2025) (taking judicial notice of analyst reports); *Dolly v. GitLab Inc.*, 2025 WL 2372965, at *4

---

[8] As discussed *supra*, Section III.A, Exhibits 2, 4, 7–8, 13, 16, and 19 may also be considered because they are incorporated by reference into the Complaint.
[9] As discussed *supra*, Section III.A, Exhibits 3, 5, and 11–12 may also be considered because they are incorporated by reference into the Complaint.

(N.D. Cal. Aug. 14, 2025) (taking judicial notice of analyst reports "for 'their existence and contents'"); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at \*4 (N.D. Cal. June 19, 2020) (granting judicial notice of analyst report "not for the truth of [its] contents, but to determine the information available to the market").

     ***Website Pages (Exhibits 20-24).*** Exhibit 20 is a page from the FDA's online database of FDA approvals, which lists Shilpa's FDA approvals. Exhibit 21 is a compilation of pages from Shilpa's publicly accessible website, describing Shilpa's facilities ("Units"). Exhibits 22–24 are FDA documents addressing Shilpa's Unit IV facility, which are publicly available on the FDA's website (and cited extensively in the Complaint).[10] Webpages are proper subjects of judicial notice to show that the market was aware of the information contained therein. *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at \*8–9 (C.D. Cal. Mar. 5, 2021) ("tak[ing] judicial notice of the fact that the information contained in [webpage] was reported publicly as of the publication date or date portrayed on the Wayback Machine"). FDA webpages may also be judicially noticed for the particular facts described therein. *Lake v. Zogenix, Inc.*, 2020 WL 3820424, at \*5 (N.D. Cal. Jan. 27, 2020) (accuracy of document that was currently accessible on FDA website "'cannot reasonably be questioned,' making it subject to judicial notice"); *Sneed v. Procter & Gamble Co.*, 779 F. Supp. 3d 1025, 1031 (N.D. Cal. 2025) (taking judicial notice of the fact of FDA approval of two products because the "approval of these two products is readily verifiable on the FDA's website such that they are fit for judicial notice").

## IV.   CONCLUSION

     For the foregoing reasons, Defendants respectfully ask that the Court take judicial notice of and/or find that the requested documents are incorporated by reference into the Complaint.

---

[10] As discussed *supra*, Section III.A, Exhibits 22-24 may also be considered because they are incorporated by reference into the Complaint.

Dated: March 13, 2026          COOLEY LLP

By:    */s/ Brett De Jarnette*

BRETT DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendants*

COOLEY LLP
ATTORNEYS AT LAW

10

REQ. FOR JUDICIAL NT
ISO MOTION TO DISMISS
CASE NO. 25-CV-06923-JD