POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Plaintiff*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMZA ELKHODARI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNICYCIVE THERAPEUTICS, INC., SHALABH GUPTA, and JOHN TOWNSEND,<br><br>Defendants. | Case No. 3:25-cv-06923-JD<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date:  June 18, 2026<br>Hearing Time: 11:00 a.m.<br>Judge:          Hon. James Donato<br>Courtroom:    11, 19th Floor |

## I.    PRELIMINARY STATEMENT[1]

Defendants' RJN asks this Court to incorporate by reference and/or take judicial notice of twenty-four exhibits in support of their Motion. Plaintiff opposes the RJN as to Exhibits 12, 14, 15, 17, 18, 20, and 21. None of those exhibits is cited in or incorporated by reference into the Complaint. Defendants ask this Court to take judicial notice not merely to establish that these seven exhibits exist in the public domain, but to use their contents to contradict well-pled allegations in the Complaint and to advance a factual narrative that is disputed at the pleading stage. That is precisely the "unscrupulous use of extrinsic documents to resolve competing theories" that the Ninth Circuit's decision in *Khoja* prohibits. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998–99 (9th Cir. 2018). *See also Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 743 F. Supp. 3d 1083, 1095–97 (D. Ariz. 2024) (admonishing defendants for "using [their] request for judicial notice as a backdoor avenue for introducing evidence of the facts themselves"). The Court should decline to take judicial notice of those exhibits, or at minimum only consider them to establish the fact of their existence, rather than to accept the truth of the matters asserted therein or to use them to resolve disputed factual questions in Defendants' favor.

## II.    LEGAL STANDARD

"[T]he purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *Craig Frazier Design, Inc. v. Zimmerman Agency, LLC*, 2010 WL 3790656, at *6 (N.D. Cal. Sep. 27, 2010). "Even under the [Private Securities Litigation] Reform Act, plaintiffs are only required to plead facts, not to produce admissible evidence." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000). As such, "[g]enerally, district courts may

---

[1] All "¶_" references are to the Amended Complaint for Violations of the Federal Securities Laws, filed on January 27, 2026 (ECF No. 39) ("Complaint). Any capitalized terms that are not defined herein shall have the meanings ascribed in the Complaint. All "RJN" references are to Defendants' Request for Judicial Notice and For Incorporation by Reference in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint filed on March 13, 2026 (ECF No. 44). All "Motion" references are to Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed on March 13, 2026 (ECF No. 43) and all "Exhibit" references are to exhibits to the Declaration of Priya Gambhir in support of the Motion (ECF No. 43-1). Unless otherwise indicated, all emphasis is added and all internal citations and quotation marks are omitted.

not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899 F.3d at 998. There are two limited exceptions: "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. While "unlike judicial notice, a court may assume an incorporated document's contents are true for purposes of a motion to dismiss," "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

In addition, courts may take judicial notice of matters of public record if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it "is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). However, "a court cannot take judicial notice of disputed facts contained in . . . public records." *Khoja*, 899 F.3d at 999.

Aside from extrinsic materials that meet these limited exceptions, if the court considers documents or facts outside the four corners of the Complaint, it must convert the motion into a motion for summary judgment, and conversion is not appropriate unless the parties have had an opportunity to conduct reasonable discovery. *See* Fed. R. Civ. P. 12(b), 12(d), 56; *see also Blake v. Canoo Inc.*, 2022 WL 22919489, at *1-2 (C.D. Cal. July 19, 2022) (denying a Rule 12(b)(6) motion to dismiss "for referencing materials outside the pleadings . . . . persuaded that it would be more appropriate to consider the arguments and documents (including Canoo's SEC filings) in the context of a motion for summary judgment").

## III.    ARGUMENT

### A) The Court Cannot Take Judicial Notice of Analyst Reports to Resolve Disputed Facts

Exhibits 14 and 15 are analyst reports published on June 10, 2025, neither of which is cited in the Complaint or incorporated by reference, as Defendants acknowledge. Defendants seek judicial notice of these reports to argue that "investment analysts reiterated the issues were 'not tied to the

2

manufacturing of OLC'" and that the market understood the distinction between Shilpa and the unnamed packaging vendor. Mot. at 6–7. That is precisely the kind of use the Ninth Circuit has prohibited: judicial notice is improper when it is used to establish the truth of a disputed fact based on a document not in the record. *See Khoja*, 899 F.3d at 999. While courts in this District may take judicial notice of analyst reports "for the purposes of demonstrating what was disclosed to investors," *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017), Defendants do not seek judicial notice of these reports for that limited purpose. Rather, Defendants cite them to establish the truth of the factual proposition they assert, i.e., that the FDA issued the CRL because of violations found at a packaging subcontractor rather than Shilpa itself, which is a central disputed fact in this case. The Complaint alleges that Shilpa bore contractual responsibility for the entire OLC manufacturing and supply chain, including any subcontractor, and that Shilpa's compliance history created a material risk to the OLC NDA *whether or not the prior violations occurred at the facility that triggered the CRL*. ¶¶52–59, 86, 94–95. Using analyst opinions that are not in the record and not incorporated by reference to refute those well-pled allegations is an improper attempt to resolve competing theories through judicial notice. *Khoja*, 899 F.3d at 998–99. The Court should decline to take judicial notice of Exhibits 14 and 15 for this purpose.

Defendants' own cited authorities confirm that it is only permissible to take judicial notice of analyst reports for the fact of their existence and the existence of the market information they conveyed, not for the truth of their content. The cases the RJN relies upon to support judicial notice of Exhibits 14 and 15, including *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020), and *Dolly v. GitLab Inc.*, 2025 WL 2372965, at *4 (N.D. Cal. Aug. 14, 2025), each expressly authorize notice only "not for the truth of [the report's] contents, but to determine the information available to the market." *Yaron*, 2020 WL 6750568, at *4. Defendants cite these same cases but then use the reports for exactly what those cases prohibit — to establish the truth of the factual claim that the FDA issued the CRL because of cGMP violations found at a packaging subcontractor with no connection to Shilpa's systemic non-compliance. That inverts the permissible

3

use and must be rejected. *See City Pension Fund for Firefighters & Police Officers in City of Miami Beach v. Aracruz Cellulose S.A.*, 41 F. Supp. 3d 1369, 1386-87 (S.D. Fla. 2011) (permitting judicial notice of a public document only to show that an investigation launched, not to establish the truth of its contents or to draw favorable factual inferences therefrom).

**B)   The Court Cannot Take Judicial Notice of Conference and Earnings Call Transcripts to Resolve Disputed Facts**

As Defendants concede, Exhibits 12, 17, or 18 are not cited in the Complaint nor incorporated by reference therein. Exhibit 12 is a transcript of Shilpa's earnings call from May 26, 2025, held in India and not filed with the SEC. Exhibits 17 and 18 are transcripts of investor conferences hosted by H.C. Wainwright and held in July and September 2025, respectively, both post-Class Period and neither cited in the Complaint. Defendants offer all three transcripts to advance their narrative that the CRL resulted from a packaging subcontractor's deficiencies purportedly unrelated to Shilpa. *See* RJN at 8 (arguing Exhibits 17 and 18 "demonstrate that investors were informed that Unicycive's API vendor (Shilpa) was different from the pill packaging vendor"). That is a factual proposition in direct dispute with the Complaint's allegations that Shilpa bore overall contractual responsibility for OLC's entire manufacturing and supply chain and that Shilpa's history of disregard for cGMP put the OLC NDA at risk. ¶¶52–59, 94–95.

"[I]t is improper to judicially notice a transcript when the substance of the transcript is subject to varying interpretations, and there is a reasonable dispute as to what the transcript establishes." *Khoja*, 899 F.3d at 1000. Courts in this District consistently decline to take judicial notice of transcripts, even transcripts of public proceedings, where the party invoking judicial notice seeks to establish the truth of the content or to dispute well-pled facts. *See Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) ("Although I may assume the contents of these transcripts to be true, *I will not to the extent that such assumptions only serve to dispute facts stated in the [complaint]*."); *In re Plantronics, Inc. Sec. Litig.*, 2021 WL 8572663, at *4 (N.D. Cal. Mar. 29, 2021) (declining to take judicial notice of transcript where defendant cited it for a factual proposition but

4

MEMORANDUM OF LAW IN OPPOSITION TO RJN
3:25-cv-06923-JD

failed to cite any specific statements in the transcript supporting that proposition); *Blake*, 2022 WL 22919489, at \*2 (refusing to take judicial notice of call transcript where neither the transcript nor the specific statement were referenced in the complaint and "plaintiff's opposition . . . raise[d] a reasonable dispute as to what the transcript establishes").

Here, the dispute is concrete. The Complaint alleges that the FDA's rejection resulted from cGMP deficiencies within Shilpa's manufacturing chain, for which Shilpa bore contractual and regulatory responsibility. Moreover, the Complaint alleges that Shilpa's longstanding and unresolved cGMP violations escalated the risk to the OLC NDA, thus obligating Defendants to avail themselves of their contractual right under the Agreement to audit and inspect any facility Shilpa used directly or via subcontract to manufacture and supply OLC. Defendants seek to use Defendant Gupta's post-Class Period self-serving characterizations of the violations that triggered the CRL to establish as fact that the violations occurred at a pill packaging subcontractor with no relationship to Shilpa's systemic compliance failures. Whether Defendnat Gupta's post-hoc explanation accurately characterizes the scope of Shilpa's responsibility is a disputed fact not appropriately resolved on a motion to dismiss. *See also Ferreira v. Funko Inc.*, 2021 WL 8820650, at \*11 (C.D. Cal. Oct. 22, 2021) (declining judicial notice of 10-K "as it was issued outside the Class Period, it was not relevant to the Court's analysis"); *Hall v. Johnson & Johnson*, 2019 WL 7207491, at \*10 (D.N.J. Dec. 27, 2019) (declining judicial notice of post-class period public records as having "minimal relevance to the claims at issue"). That is especially so here, where post-CRL statements by Defendant Gupta characterizing the deficiency after the fact are offered to retroactively define what risks existed during the Class Period, which is a transparently improper purpose.

Similarly, Defendants seek judicial notice of Shilpa's earnings call transcript, Exhibit 12, to bolster their counter-narrative about the nature of the deficiency, asking this Court to accept Shilpa's self-interested characterization as an undisputed fact. Plaintiff does not concede the authenticity of Exhibit 12. It is a transcript of a call held in India, not filed with the SEC or any U.S. regulatory body; Defendants offer only a declaration from their own counsel attesting to its accuracy. Documents

5

forming the basis of a claim may be judicially noticed "only if neither party questions the document's authenticity," and "whether the document[] contained truthful . . . data is a question of fact" not suited for resolution at the pleading stage. *Snellink v. Gulf Res., Inc.*, 870 F. Supp. 2d 930, 937 (C.D. Cal. 2012); *see also In re China Educ. All., Inc. Sec. Litig.*, 2011 WL 4978483, at *5 (C.D. Cal. Oct. 11, 2011) (declining judicial notice of foreign company filings where plaintiff questioned their authenticity, holding "[w]hether [the] proffered documents are authentic is a question of fact not suited for resolution at this stage of litigation"). *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158–59 (C.D. Cal. 2007), which permitted judicial notice of certain foreign documents, is inapposite: those were formal regulatory filings under Canadian securities law, directly analogous to SEC filings, offered only to show availability of information to the market rather than the private earnings call transcript of a foreign company offered to establish the truth of disputed facts about the scope of manufacturing deficiencies. The Court should decline to take judicial notice of Exhibits 12, 17, and 18 for the purpose of resolving these disputed factual questions. In the alternative, should the Court be inclined to take judicial notice of these transcripts, it should do so only for the limited purpose of establishing "that there was" a call and "that the speakers made the statements included in the transcript," and "not . . . the substance of the statements because those facts may be subject to reasonable dispute." *Lowthorp v. Mesa Air Grp. Inc.*, 2021 WL 3089118, at *5 (D. Ariz. July 22, 2021).

### C)  The Court Cannot Take Judicial Notice of Webpages to Resolve Disputed Facts

Exhibit 20 is purportedly a page from the FDA's Orange Book listing drugs for which Shilpa has received approval. Exhibit 21 is purportedly a compilation of pages from Shilpa's own website purporting to describe its seven manufacturing facilities and the purportedly distinct functions of each. Neither is cited in the Complaint nor incorporated by reference therein.

Defendants use Exhibit 21 for the critical and disputed factual purpose of establishing that Shilpa's Unit IV — the subject of the 2017 Form 483, 2020 Warning Letter, and 2021 Import Alert — is a "formulations" facility that is "distinct from" Shilpa's Unit I, which produces drug substance

6

(aka, "API"). Mot. at 8. This is the linchpin of Defendants' falsity argument: that Unit IV had nothing to do with OLC's manufacture and therefore Shilpa's regulatory history was irrelevant to the OLC NDA. That conclusion is precisely what the Complaint disputes. Plaintiff alleges that Shilpa's pattern of cGMP non-compliance, which led to regulatory actions including a Warning Letter threatening that any NDA listing Shilpa as a manufacturer was at risk of rejection, created a material risk to OLC regardless of which specific facility was involved. ¶¶86, 94–95. Moreover, the Complaint further alleges that the fact that Shilpa had been flouting FDA regulations for years, and continues to do so (as the active Import Alert substantiates), raised a risk that any facility over which Shilpa had oversight (including subcontractors) would similarly flout cGMP, thus obligating Defendants to closely scrutinize all facilities forming the manufacturing chain as it had the right to do under the Agreement. A court "cannot take judicial notice of disputed facts contained in . . . public records." *Khoja*, 899 F.3d at 999. Whether Unit IV's manufacturing functions were categorically irrelevant to OLC is a factual dispute that cannot be resolved on a motion to dismiss using Shilpa's self-described website characterizations of its own facilities. Defendants' reliance on Shilpa's website to define the scope of its manufacturing capabilities and their relevance to OLC is particularly inappropriate given Shilpa's self-interest in distancing itself from the violations that triggered the CRL.

Plaintiff also does not concede the authenticity of Exhibit 21. Shilpa's website is a self-published commercial document, maintained by an entity with a direct interest in minimizing its perceived connection to the manufacturing failures that caused the CRL. As explained above, judicial notice is unavailable where a party questions a document's authenticity and the truth of its contents. The cases Defendants cite, including *Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *5 (N.D. Cal. Jan. 27, 2020) and *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *8–9 (C.D. Cal. Mar. 5, 2021), are inapposite because they involved the FDA's own website or neutral archival snapshots of a defendant company's website for the limited purpose of showing what was publicly available. Here Defendants seek judicial notice in a transparent attempt to have the Court resolve a central disputed factual question regarding which facilities performed which manufacturing functions.

7

MEMORANDUM OF LAW IN OPPOSITION TO RJN<br>3:25-cv-06923-JD

Defendants use Exhibit 20 to argue that Shilpa is an established manufacturer with thirty three FDA-approved drugs, suggesting it is a reputable company whose involvement should not have raised concerns. Mot. at 5. In other words, Defendants ask this Court to judicially notice Exhibit 20 so that it can accept an inference in Defendants' favor from a document that is not in the record. The existence of prior FDA approvals does not negate the unresolved enforcement history alleged in the Complaint and does not establish that Shilpa or any of its subcontractors was in cGMP compliance during the Class Period. The Court should therefore decline to take judicial notice of Exhibits 20 and 21 for these improper purposes.

However, to the extent the Court is inclined to take judicial notice of these webpages, it can only do so for the limited purpose of determining the existence of the webpages and the existence of the content contained therein, but cannot consider the webpages for the *truth* of the content or representations contained therein. *See Leanos v. Better Home & Fin. Holding Co.*, 2026 WL 962827, at *3 (N.D. Cal. Apr. 9, 2026); *Robinson v. Binello*, 771 F. Supp. 3d 1114, 1127 (N.D. Cal. 2025).

## IV.    CONCLUSION

For the foregoing reasons, Defendants' RJN should be denied as to Exhibits 12, 14, 15, 17, 18, 20, and 21, and all references thereto struck from the Motion.

Dated: April 27, 2026

Respectfully submitted,

POMERANTZ LLP

*/s/ Tamar A. Weinrib*

Jeremy A. Lieberman
(admitted *pro hac vice*)
Tamar A. Weinrib
(admitted *pro hac vice*)
Justin Krumper
(*pro hac vice* pending)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
taweinrib@pomlaw.com

8

MEMORANDUM OF LAW IN OPPOSITION TO RJN
3:25-cv-06923-JD

*Lead Counsel for Plaintiff*

THE SCHALL LAW FIRM
Brian Schall
Adam Rosen
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
adam@schallfirm.com

*Additional Counsel for Plaintiff*

9