POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Plaintiff*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMZA ELKHODARI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNICYCIVE THERAPEUTICS, INC., SHALABH GUPTA, and JOHN TOWNSEND,<br><br>Defendants. | Case No. 3:25-cv-06923-JD<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR LEAVE TO FILE A CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date: December 3, 2026<br>Hearing Time: 11:00 a.m.<br>Judge: Hon. James Donato<br>Courtroom: 11, 19th Floor |

Lead Plaintiff Andrew Coleman ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, respectfully requests that the Court consolidate this action, *Elkhodari v. Unicycive Therapeutics, Inc*., et al., Case No. 3:25-cv-06923-JD (the "Action") and *Patel, et al. v. Unicycive Therapeutics, Inc., et al*., Case No. 4:26-cv-09559-JD (the "*Patel* Action") (collectively, the "Related Actions").

The Related Actions involve the same issuer, the same defendants, the same drug candidate and NDA, and successive FDA regulatory developments arising from manufacturing deficiencies at a third-party facility. Both actions assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

On October 9, 2026, the Court granted Plaintiff's administrative motion to relate the actions. ECF No. 53. Consolidation is the logical next step to ensure that these closely connected claims proceed efficiently before a single judge under a single operative complaint.

Plaintiff also seeks leave to file a consolidated amended complaint that incorporates the subsequent events alleged in the *Patel* Action, including the FDA's June 29, 2026 Complete Response Letter ("CRL"), which again concerned manufacturing deficiencies affecting Unicycive's new drug application ("NDA") for oxylanthanum carbonate ("OLC"). The consolidated pleading would extend the proposed class period through June 29, 2026.

The requested relief will avoid duplicative proceedings, promote judicial economy, and permit the claims arising from the two successive FDA regulatory developments to be addressed in a single action. Counsel for the *Patel* plaintiffs support consolidation. Defendants have advised that they take no position on the requests for consolidation and amendment.

**I. Background**

This Action, initially filed on August 15, 2025, is a putative securities class action asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against

Unicycive Therapeutics, Inc. ("Unicycive"), Shalabh Gupta ("Gupta"), and John Townsend ("Townsend"). The operative Amended Complaint for Violations of the Federal Securities Laws (ECF No. 39) ("Complaint") alleges, among other things, materially false or misleading statements and omissions concerning the OLC NDA, including the manufacturing and regulatory issues affecting the NDA and the prospects for FDA approval. The Class Period set forth in the Complaint is March 29, 2024 through June 27, 2025, both dates inclusive. On June 10, 2025, Unicycive issued a press release disclosing that the FDA had identified deficiencies in current good manufacturing practice compliance of a third party vendor but indicated that it had not yet received a final decision from the FDA regarding the OLC NDA. *Id.* ¶¶ 246-47. Then on June 30, 2025, before the market opened, Unicycive announced that the FDA had issued a Complete Response Letter ("CRL") rejected the OLC NDA due to the identified cGMP deficiencies. *Id.* ¶¶ 248-51.

This Court appointed Andrew Coleman as Lead Plaintiff on November 17, 2025 (ECF No. 29) and Pomerantz LLP as Lead Counsel on December 17, 2025 (ECF No. 37). Plaintiff filed the Complaint on January 27, 2026. On March 13, 2026, Defendants moved to dismiss the Complaint (ECF No. 43). That motion has been fully briefed and remains pending.

On September 3, 2026, Vishal Patel filed the *Patel* Action, another putative securities class action against Unicycive, Gupta and Townsend. *Patel* Action, ECF No. 1. The *Patel* Action likewise asserts claims under Sections 10(b) and 20(a) of the Exchange Act arising from statements and omissions concerning the same OLC NDA and the "same third-party manufacturing deficiencies that were identified in the previous CRL issued in June 2025." *Id.* ¶¶ 3-4. The *Patel* Action alleges a class period of December 29, 2025 through June 29, 2026, both dates inclusive, and culminates in Unicycive's June 29, 2026 announcement that the FDA had issued another CRL concerning the OLC NDA. This second CRL again concerned deficiencies

at the third-party manufacturing facility that had been the subject of the earlier CRL. *Id*.

On October 9, 2026, this Court granted Plaintiff's administrative motion to relate the Actions (ECF No. 53). Counsel for the plaintiffs in both actions have previously conferred and agreed that consolidation, with Mr. Coleman proceeding as Lead Plaintiff for the expanded class and Pomerantz LLP proceeding as sole lead counsel, is appropriate. Defendants have advised that they take no position on consolidation or Plaintiff's request for leave to file a consolidated amended complaint.

## II. CONSOLIDATION IS APPROPRIATE UNDER RULE 42(A)

Federal Rule of Civil Procedure 42(a) ("Rule 24(a)") authorizes a district court to consolidate actions involving common questions of law or fact. Specifically, where actions before the court involve common questions, Rule 42(a) permits the court to join matters for hearing or trial, consolidate the actions, or issue other orders to avoid unnecessary cost or delay.

The Related Actions plainly involve common questions of law and fact.

Both assert federal securities claims against Unicycive, Gupta, and Townsend concerning allegedly misleading disclosures about the OLC NDA and the manufacturing deficiencies affecting its prospects for FDA approval. Both involve the same regulatory approval process, the same undisclosed third-party manufacturing issues, and the FDA's rejection of the OLC NDA due to those undisclosed deficiencies.

Although the Related Actions address different portions of the relevant chronology, they concern successive developments in the same underlying regulatory process. The Action concerns Defendants' failure to disclose a known, material risk that rendered their statements about manufacturing readiness and regulatory prospects for OLC misleading when made The Complaint alleges that while repeatedly assuring investors that Unicycive was prepared to satisfy FDA manufacturing requirements and that approval of the OLC NDA was effectively "de-risked,"

Defendants omitted that OLC's approvability depended on a manufacturing chain overseen by a company with longstanding unresolved violations of FDA's current good manufacturing practices, and that, as a result, the FDA issued a CRL in June 2025 rejecting the OLC NDA. The *Patel* Action concerns Defendants' subsequent statements regarding remediation of the same manufacturing deficiencies, statements regarding the OLC NDA's approval prospects based on their purported remediation efforts, and the FDA's issuance of another CRL in June 2026, which, per Unicycive's press release announcing the CRL, was "based on the same third-party manufacturing deficiencies that were identified in the previous CRL issued in June 2025."

Litigating these claims separately would unnecessarily duplicate judicial and party resources. The Related Actions will involve overlapping documents, witnesses, and questions concerning Defendants' knowledge of the manufacturing deficiencies, their representations to investors, and the relationship between the FDA's successive regulatory decisions.

Consolidation will permit these issues to be addressed efficiently in a single proceeding, avoid duplicative motion practice and discovery, and reduce the risk of inconsistent determinations.

Accordingly, Plaintiff respectfully requests consolidation under Rule 42(a), with the above-captioned action serving as the master docket.

## III. LEAVE TO FILE A CONSOLIDATED AMENDED COMPLAINT IS APPROPRIATE UNDER RULES 15(A)(2) AND 15(D)

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend when justice so requires. Rule 15(d) further authorizes the Court, on motion and reasonable notice, to permit a supplemental pleading setting forth transactions, occurrences, or events that occurred after the date of the pleading to be supplemented.

Both provisions support the requested relief.

The proposed consolidated amended complaint would incorporate the claims and allegations asserted in the Related Actions into a single pleading. It would also address subsequent developments concerning Unicycive's OLC NDA, including the FDA's June 29, 2026 CRL, and extend the proposed class period through that date. *See Thomas v. MagnaChip Semiconductor Corp.*, 2015 U.S. Dist. LEXIS 77288, *12 (N.D. Cal. June 15, 2015) (collecting cases and finding that republication of PSLRA notice is not required, and is indeed disfavored, where a complaint expands the class period when the consolidated claims arise from the same set of facts).

The additional allegations concern the same underlying subject matter as the existing action and would permit the Court to consider the alleged course of conduct in a single proceeding rather than through separate lawsuits.

Amendment is particularly appropriate here because the proposed pleading will address material regulatory developments that occurred after the filing of the Complaint, as well as intervening statements and omissions concerning the same manufacturing deficiencies and regulatory approval process.

Moreover, allowing a consolidated amended complaint will promote judicial economy by replacing the separate operative complaints with one comprehensive pleading. Defendants will have an opportunity to respond to that pleading and to assert any available defenses.

Plaintiff therefore requests leave to file the consolidated amended complaint within 30 days after entry of the Court's order on this motion.

Because the consolidated pleading will integrate allegations from two separate actions and address additional events and statements, Plaintiff also requests that the Court exercise its discretion under Civil Local Rule 15-1(a) and (b) to permit the pleading to be prepared and filed within that period, without requiring the complete proposed pleading and redline to accompany the present motion.

## IV. THE PENDING MOTION TO DISMISS SHOULD BE DENIED AS MOOT UPON FILING OF THE CONSOLIDATED AMENDED COMPLAINT

Defendants' March 13, 2026 motion to dismiss (ECF No. 43) challenges the operative complaint in this Action. That motion has been fully briefed and remains pending. If the Court authorizes the filing of a consolidated amended complaint, the new pleading will supersede the existing complaints and become the operative pleading in the consolidated action.

Under those circumstances, adjudicating a motion directed at the superseded complaint is not an efficient use of judicial resources. Plaintiff therefore requests that, upon the filing of the consolidated amended complaint, Defendants' pending motion to dismiss (ECF No. 43) be denied as moot, without prejudice to Defendants' right to challenge the consolidated amended complaint.

This procedure will preserve Defendants' ability to raise any appropriate pleading challenges while avoiding adjudication of a complaint that will no longer be operative.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order:

1. Consolidating the Related Actions pursuant to Rule 42(a), with Case No. 3:25-cv-06923-JD serving as the master docket;

2. Granting leave to file a consolidated amended class action complaint within 30 days of entry of the Court's order, extending the proposed class period through June 29, 2026;

3. Excusing, pursuant to Civil Local Rule 15-1, the submission of the complete proposed amended pleading and redline with this motion and the otherwise applicable seven-day filing deadline;

4. Providing that the consolidated amended complaint, upon filing, shall supersede the existing operative complaints in the Related Actions; and

5. Denying Defendants' pending motion to dismiss (ECF No. 43) as moot without

prejudice upon filing of the consolidated amended complaint.

Dated: October 16, 2026

Respectfully submitted,

POMERANTZ LLP

*/s/ Tamar A. Weinrib*

Tamar A. Weinrib
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
taweinrib@pomlaw.com

*Lead Counsel for Plaintiff*

THE SCHALL LAW FIRM
Brian Schall
Adam Rosen
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
adam@schallfirm.com

*Additional Counsel for Plaintiff*